UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DR. DAVID B. PUSHKIN, | Civ. 10-4108-KES |
| Plaintiff, | |
| vs. | ORDER GRANTING MOTION TO DISMISS |
| SOUTH DAKOTA STATE UNIVERSITY, | |
| Defendant. | |

Plaintiff, Dr. David B. Pushkin, filed the instant discrimination lawsuit against defendant South Dakota State University (SDSU). Dr. Pushkin sought employment with SDSU as a tenure track professor in the chemistry department. Dr. Pushkin argues he was discriminated against because of his status as a white male in violation of Title VII of the Civil Rights Act of 1964, because of his disability in violation of Title I of the Americans with Disabilities Act of 1990, and because of his age in violation of the Age Discrimination in Employment Act of 1967. *Id.* SDSU moves to dismiss his case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it is not an entity amenable to suit under state law.

**DISCUSSION**

Rule 17(b)(3) of the Federal Rules of Civil Procedure provides that the capacity to sue and be sued of an entity, other than a natural person or corporation, is determined "by the law of the state where the court is located." Under the South Dakota Constitution, "[t]he Legislature shall direct by law in

what manner and in what courts suits may be brought against the state." S.D. Const. art. II, § 27. SDSU is under the control of the South Dakota Board of Regents. SDCL 13-58-1. Chapter 13-58 of the South Dakota Code addresses SDSU, but it does not contain a statute giving SDSU the ability to sue or be sued. The Board of Regents, which controls SDSU, conversely, has the power to sue and be sued. SDCL 13-49-11. Thus, SDSU lacks the capacity to be sued under South Dakota law and dismissal is appropriate. *See Lazarescu v. Ariz. State Univ.*, 230 F.R.D. 596, 602 (D. Ariz. 2005) (affirming the dismissal of a complaint against Arizona State University because it had not been granted the power to sue or be sued); *Rivas v. State Bd. for Cmty. Colleges & Occupational Educ.*, 517 F. Supp. 467, 470 (D. Colo. 1981) (holding that claims against the college council must be dismissed where it was not granted the power to sue and be sued). *See also Brown v. Fifth Judicial Distr. Drug. Task Force,* 255 F.3d 475, 476-77 (8th Cir. 2001) (affirming dismissal for failure to state a claim of case against multi-governmental unit based on the entity's lack of capacity to sue under state law).

Dr. Pushkin argues in his response to SDSU's motion to dismiss that: (1) Dr. James A. Rice, an individual, was served with process and listed on the service forms; (2) that his lawsuit is against the natural persons in the chemistry department who did not hire him; (3) that he can sue the Board of Regents; and (4) that because he does not know the identity of the individuals who rejected his application, SDSU is the appropriate defendant. These arguments are unavailing. First, Dr. Rice is not a named defendant in this

case nor is he authorized to receive service of process on behalf of SDSU. SDCL 15-6-4(d)(7). SDSU does not, however, challenge the sufficiency of service. Second, the fact that Dr. Pushkin can sue the employees who did not hire him and the Board of Regents actually undercuts his argument. Dr. Pushkin's lack of knowledge about who hired him does not render SDSU a suable entity under Fed. R. Civ. P. 17(b)(3) or South Dakota law. Finally, Dr. Pushkin argues that it is irrelevant that SDSU is not an entity amenable to suit under state law because he is suing SDSU for violating several federal anti-discrimination statutes. *See* Docket 15. This argument is without merit. The Federal Rules of Civil Procedure, which are controlling upon lawsuits in United States District Courts, require this court to look to state law to determine if an entity such as SDSU may be sued in federal court. *See* Fed. R. Civ. P. 17(b)(3). Because SDSU may not be sued under South Dakota law, Rule 17 of the Federal Rules of Civil Procedure prevents Dr. Pushkin from suing SDSU in federal court. Accordingly, it is

ORDERED that SDSU's motion to dismiss (Docket 9) is granted pursuant to Fed. R. Civ. P. 12(b)(6). The action is dismissed without prejudice.

Dated December 8, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE